UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD SAUNDERS, et. al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>USAA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 5:14-cv-01868 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: Dkt. No. 22 |

In this putative class action initiated by Plaintiffs Richard E. Saunders and Ernestine E. Saunders (collectively, "Plaintiffs"), presently before the court is Defendant USAA Life Insurance Company's ("Defendant") Motion to Transfer the case to the United States District Court for the Western District of Texas. See Docket Item No. 22. Plaintiffs have filed written opposition to the motion, and the court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

    1.    Pursuant to 28 U.S.C. 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants,

witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

2. To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

3. In addition to the convenience considerations enumerated by § 1404(a), the Ninth Circuit has identified other fairness factors that should be weighed by the court when considering a transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

4. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, No. 08-1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988)). A transfer may not be appropriate under § 1404(a) if it "would merely shift rather than eliminate the inconvenience." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)), opinion modified, 828

1   F.2d 1445 (9th Cir. 1987).

2     5. As to whether this action could have been brought in the Western District of Texas, Defendant has demonstrated that it is a Texas corporation with its principal place of business in San Antonio. Plaintiffs do not argue otherwise. Thus, the court finds that Defendant has met its burden on this level of the analysis. See 28 U.S.C. §§ 1391(b)(1), (2), (c)(2) (designating that a civil action may be brought in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," and specifying that, for venue purposes, a corporation shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction.").

  6. On the issue of convenience, the current forum is obviously more convenient to Plaintiffs, who each reside in this district and are of advanced age. At the same time, Defendant has convincingly shown that this forum is not a convenient one for it considering its location, and is particularly inconvenient for all of the percipient witnesses with knowledge of the conduct at issue, none of whom reside in California and several of whom reside in Texas.

  7. As to the Jones fairness factors, Plaintiffs' choice of this district favors maintaining the case here. But while this factor can sometimes be a weighty one under other circumstances, it is afforded less deference when, as here, the action is brought as a class action on behalf of a representative class. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

  8. Other factors are neutral. The first factor is neutral because the terms of an insurance policy are not normally the subject of negotiation, and Plaintiffs executed their policy in California while Defendant executed it in Texas. The second factor is also neutral. Although Plaintiffs' Complaint on its face requires application of California state law and potentially invokes the breach of contract laws of other states, it is routine for federal courts to analyze and apply the laws of diverse states. The sixth factor also has a neutral effect because increased litigation costs merely shift from one side to the other, depending on whether the case remains in California or moves to Texas.

  9. But other factors weigh in favor of the transfer. The fourth and fifth factors favor

transfer because Defendant has little connection with California outside of the presence of policyholders in this state, and all of the conduct underlying the premium increase occurred in Texas. The seventh and eighth factors also favor transfer because no salient witnesses other than Plaintiffs reside in this district and most if not all of the other relevant sources of evidence and proof are in Texas, not California.

On balance, the convenience and fairness considerations applicable to an analysis under § 1404(a) weigh in favor of transferring this action to Texas. Accordingly, Defendant's Motion to Transfer is GRANTED. The Clerk shall TRANSFER this case to the United States District Court for the Western District of Texas, San Antonio Division, and close this file.

**IT IS SO ORDERED**.

Dated: October 17, 2014



EDWARD J. DAVILA
United States District Judge